BENNETT HASKELL v. WILLIAM J. MONTAGUE.

*Reversal for misleading charge.*

H bargained to exchange some horses with M for land subject to a mortgage. The horses were delivered and a deed given, but a dispute arose as to whether M was not to pay interest and

costs on the mortgage, and as he refused to do so, H replevied the horses. The jury found for M under a charge which instructed them, among other things, that if the transaction was an absolute sale and might be avoided for fraud, M must recover for want of a tender of reconveyance of the land. *Held* that this charge was misleading, since the jury might have supposed that the proceedings in replevin were an attempt to rescind and that H should first have tendered a reconveyance.

Error to Huron. Submitted April 24. Decided April 25.

REPLEVIN. Plaintiff brings error.

*Atwood & Atwood* and *Atkinson & Atkinson* for plaintiff in error.

*Black, Edson & Quinn* for defendant in error.

COOLEY, J. This controversy arises out of a trade of lands for horses. The horses were owned by Haskell, and there is no dispute that he agreed to exchange them with Montague for a parcel of land subject to a mortgage for $150. There is a dispute, however, whether Haskell was to take it subject to interest and costs which had accrued on the mortgage, and which amounted to a considerable sum. Montague claims that he was, but Haskell denies this, and says Montague was to pay the interest and costs, and that though the horses and a deed for the land were exchanged, yet that the exchange was made on condition that the title to the horses should remain in him until the payment was made, and also until a $600 mortgage on the same land was discharged. Montague's evidence tended to show that the delivery of the horses was at first unconditional, but that afterwards, on Haskell's expressing uneasiness respecting the discharge of the $600 mortgage, he agreed that the horses should stand in his barn until the discharge was obtained. There is no dispute that this discharge was soon obtained; but a dispute soon after arising respecting the actual agreement as to the other mortgage, and Mon-

tague refusing to pay any thing upon it, Haskell replevied the horses.

The only questions of law arise on the judge's charge. In the charge he instructed the jury as follows:

"The whole case may be narrowed down to one of these propositions as you shall determine the facts to be:

"1. If it was a sale without conditions, or if it was an absolute sale, and if it might be avoided on account of fraud, deceit or misrepresentation, then defendant must recover for want of a tender of a reconveyance of the lands by Haskell to Montague.

"2. If it was agreed that the property was to remain Haskell's until Montague paid or provided for the payment of the surplus (or excess as it has been called) on the $150 mortgage, then the plaintiff must recover, for the evidence was undisputed that the excess has not been paid or provided for by Montague.

"3. If the property was to remain Haskell's until the $600 mortgage was discharged, or was to be held as security for the discharge of that mortgage, then the defendant must recover, for the evidence is undisputed that in a very few days after the trade this mortgage was discharged."

The jury under the instructions gave their verdict for the defendant. We have not been able to find in the record any evidence that would fully warrant the first proposition. There was no claim on the part of Haskell that the purchase was brought about by fraud, nor did he take any steps to rescind it. What he claimed was that the title to the horses remained in him until the excess, as it was called, on the $150 mortgage was paid by Montague. On no theory advanced by either party was Montague entitled to a tender of a reconveyance of the land, for both parties affirmed and insisted upon the validity of the contract. We cannot avoid thinking that this suggestion to the jury that under some view they might take of the facts defendant would be entitled to a reconveyance, was well calculated to mislead them. Plaintiff had replevied the horses, and the jury might naturally, without accurate instructions, be led to suppose that this was an attempt to rescind the contract, and that under the instructions he should first have

tendered a reconveyance. It is not improbable that this may have been the governing consideration in their deliberations. We must reverse the judgment, therefore, and order a new trial, with costs of this court to plaintiff in error.

The other Justices concurred.